NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0522n.06

No. 08-5715

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 28, 2009
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | **ON APPEAL** FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| ANDRE THOMAS SAWYERS, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |

Before: MOORE and ROGERS, Circuit Judges; THAPAR,[*] District Judge.

KAREN NELSON MOORE, Circuit Judge. Defendant-Appellant Andre Sawyers ("Sawyers") appeals his below-guidelines sentence of 246 months of imprisonment, resulting from a conviction for one count of possession with intent to distribute five or more grams of cocaine base and one count of possessing firearms as a convicted felon. Sawyers was originally sentenced on April 7, 2003, to 262 months of imprisonment, but we vacated this sentence and remanded to the district court for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). The district court resentenced Sawyers on May 13, 2008. In the instant appeal, Sawyers claims that his new sentence is substantively unreasonable. For the reasons discussed below, we **AFFIRM** Sawyers's sentence.

---

[*]The Honorable Amul R. Thapar, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## I. FACTS AND PROCEDURE

The facts of this case are not in dispute. In 2003, Sawyers was convicted of one court of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (Count One), and one count of being a felon in possession of firearms in violation of 18 U.S.C §§ 922(g)(1) and 924(a)(2) (Count Three). The district court sentenced Sawyers to 262 months of imprisonment for Count One and 120 months of imprisonment for Count Three, to be served concurrently. Sawyers appealed his sentence, we affirmed, and the Supreme Court denied Sawyers's petition for a writ of certiorari. On May 21, 2005, Sawyers filed a 28 U.S.C. § 2255 motion asking the district court to vacate, set aside, or correct his sentence, which the district court denied. Sawyers appealed and, while that appeal was pending, we granted an unopposed motion to remand for resentencing in light of *United States v. Booker*.

During resentencing, the parties and the court were provided a PSR that noted that Sawyers was a career offender and that he (1) was enrolled in several education classes; (2) had completed two six-week drug education classes and was enrolled in two more such classes; (3) had no disciplinary or incident reports while in prison; and (4) had paid his $200 special assessment. In response to the PSR, Sawyers filed both a sentencing memorandum and a supplemental sentencing memorandum. Neither memorandum asserted that the PSR miscalculated the guidelines range, or that Sawyers was not a career offender. In fact, Sawyers conceded that "[t]he new retroactive 'crack cocaine amendment' to the guidelines effectively has no applicability to Mr. Sawyers' Guidelines range as Mr. Sawyers[] is a career offender under the Guidelines." Record on Appeal ("ROA") at 27 (Sawyers's Sent. Mem. at 5). Sawyers did argue that the district court should vary downward from the guidelines range to time served (approximately 61 months at the time of the resentencing

2

hearing) because Sawyers (1) was convicted of possessing only a small amount of drugs; (2) was an addict who sold drugs primarily to support his habit; (3) was now 49 years old; (4) had two daughters and a stepdaughter who support him; (5) had only one prior drug conviction from twelve years before the instant offense; (6) has significant health problems, including hypertension, non-insulin-dependent diabetes mellitus, degenerative joint disease, hepatitis C, and obesity; and (7) had paid his special assignment and was participating in drug abuse and educational programs while incarcerated. Sawyers further contended that the district court should vary downward because "his career offender status overstates his true criminal history," ROA at 27-28 (Sawyers's Sent. Mem. at 5-6), and that, at the very least, his sentence should be reduced by sixteen months because the Bureau of Prisons improperly denied Sawyers credit for his pretrial detention.

The district court resentenced Sawyers to 246 months of imprisonment.[1] In so doing, the district court concluded that Sawyers was a career offender and was thus subject to an offense level of 34, a criminal history category of VI, and a guidelines range of 262 to 327 months of imprisonment. The district court also listed the 18 U.S.C. § 3553(a) factors, noted that it was aware of the advisory nature of the guidelines, and explained its rationale for sentencing Sawyers to 246 months:

> In terms of the Section 3553(a) factors of what a sentence is sufficient but not greater than necessary, . . . the defendant emphasizes his current age of 49, his poor health, relatively small amount of drug quantity, his efforts to better himself in prison and his good conduct in prison. And asks for essentially a time served sentence of 61 months.
>
> . . .

---

[1]Sawyers was also sentenced to four years of supervised release, several special conditions, and assigned a $200 special assessment. Sawyers does not challenge these aspects of his sentence.

3

The view of the Court is that this case is not just about what's been characterized as ten grams of cocaine and 25 grams of marijuana and two guns. *It is also about Mr. Sawyers' criminal history which contrary to the way it has been characterized on his behalf, the Court views this very serious[ly].* Not just that he is in Criminal History Category VI because of career offender status, but *the nature of the convictions*: 1993, voluntary manslaughter conviction where Mr. Sawyers killed Nathaniel Newsom, and a 1993 reckless endangerment with a weapon conviction where he shot a man in the head and the groin area. *Those are the types of crimes that the career offender status is meant to cover and, in the opinion of the Court, outweigh the mitigating factors in 3553 that I went over earlier about health and age and conduct in prison, efforts to better himself.*

And the Court also finds that a 61 months sentence of time served is not adequate to reflect the seriousness of the crime, [given] Mr. Sawyers' criminal history.

Having said that, I think that it is appropriate to reduce Mr. Sawyers' sentence in part from the advisory guideline range. I recognize the advisory guideline range is not binding. And I am relying on the factor in 3553(a) dealing with the nature and circumstances of the offense and the history and characteristics of Mr. Sawyers dealing with the failure of the Bureau of Prisons to give him credit for time served.

. . .

So the bottom line is the Court has considered the advisory guideline range which in its current status is 262 months. Mr. Bruno has represented that essentially Mr. Sawyers has not gotten credit for 16 months custody. That hasn't been challenged as inaccurate. Subtract 16 months from the bottom of the guideline range of 262 months, you get 246 months sentence.

Mr. Sawyers, I believe that's the sentence that's sufficient but not greater than necessary in this case.

Record ("R.") at 106 (Resent. Hr'g Tr. at 23-26) (emphases added).

The district court then asked the parties if they had any objections, to which Sawyers's

counsel responded that he thought that "the 246 months sentence is greater than necessary in this

particular case" and that "the Court [did not give] any weight to the mitigating factors related to Mr.

4

Sawyers and his family and his behavior since he's been incarcerated." R. at 106 (Resent. Hr'g Tr. at 29-30). The district court responded that

> the view of the Court is that *the career offender status doesn't overstate Mr. Sawyers' criminal history* but reflects what the career offender statute is meant to get at. Mr. Sawyers has a very violent history. In terms of giving weight to things such as health and age and family ties, *I have considered it and simply believe it is outweighed*. We have disagreement about that.

R. at 106 (Resent. Hr'g Tr. at 30) (emphases added). Sawyers timely appealed.

## II. ANALYSIS

On appeal, Sawyers's only contention is that "the District Court erred when it failed to give any weight to the numerous mitigating 18 U.S.C. § 3553(a) factors that were presented to the District Court" in Sawyers's sentencing memoranda. Sawyers Br. at 9. Sawyers's argument is completely meritless, and we therefore affirm Sawyers's sentence.

"We review sentences imposed by the district court for reasonableness." *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008). Our review of reasonableness encompasses both a procedural and a substantive component. *See Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007). We must "first ensure that the district court committed no significant procedural error." *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008) (internal quotation marks omitted). "Assuming that the district court's sentencing decision is procedurally sound, [this] court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall*, 128 S. Ct. at 597. Sawyers makes no arguments regarding the procedural reasonableness of his sentence; thus, we will review Sawyers's sentence only for substantive reasonableness.

5

"'A sentence is substantively unreasonable if the district court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Walls*, 546 F.3d at 736 (quoting *United States v. Caver*, 470 F.3d 220, 248 (6th Cir. 2006)) (alterations in *Caver*). Even though we have chosen to afford a rebuttable appellate presumption of substantive reasonableness to a within-guidelines sentence, *United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc), sentences outside the guidelines range are not presumptively unreasonable, *see Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456, 2467 (2007) ("The fact that we permit courts of appeals to adopt a presumption of reasonableness does not mean that courts may adopt a presumption of unreasonableness.").

Sawyers's contention that his sentence is unreasonable because the district court did not accord any weight to the mitigating factors Sawyers detailed in his sentencing memorandum is belied by the record. Review of the sentencing transcript reveals that the district court considered all of Sawyers's mitigating factors, but nonetheless concluded that these factors were outweighed by Sawyers's criminal history. Indeed, when confronted with the same argument that Sawyers makes in this appeal, the district court stressed that it simply did not agree with Sawyers's assessment of his criminal history or the weight to be accorded Sawyers's other mitigating factors: "[T]he view of the Court is that *the career offender status doesn't overstate Mr. Sawyers' criminal history* but reflects what the career offender statute is meant to get at. . . . In terms of giving weight to things such as health and age and family ties, *I have considered it and simply believe it is outweighed*." R. at 106 (Resent. Hr'g Tr. at 30) (emphases added). Thus, it is simply not true that the district court failed to give Sawyers's mitigating factors any weight, but rather, the district court did not give these

6

factors the amount of weight that Sawyers felt they deserved. So long as the district court considered all of the required mitigating factors and did not accord any one factor an unreasonable amount of weight, the district court did not abuse its sentencing discretion. *See Walls*, 546 F.3d at 736; *Presley*, 547 F.3d at 631.

Moreover, the district court completely reviewed the § 3553(a) factors, explained why it imposed a below-guidelines sentence, and did not consider any impermissible sentencing factors. Thus, we cannot say that the district court "select[ed] the sentence arbitrarily, bas[ed] the sentence on impermissible factors, fail[ed] to consider pertinent § 3553(a) factors or g[ave] an unreasonable amount of weight to any pertinent factor"; therefore, we cannot conclude that Sawyers's sentence is substantively unreasonable. *Walls*, 546 F.3d at 736 (internal quotation marks omitted); *see also United States v. Young*, 553 F.3d 1035, 1056 (6th Cir. 2009) (holding that, for a within-guidelines sentence, because the district court specifically considered the mitigating evidence of a defendant and "enumerated the specific evidence and the § 3553(a) factors that led it to believe that the sentence[] it imposed w[as] appropriate," the sentence was not substantively unreasonable). For all of these reasons, we affirm Sawyers's sentence.

### III. CONCLUSION

Because the district court did consider and weigh all of the proper mitigating factors before imposing a below-guidelines sentence, and thus did not abuse its discretion, we hold that Sawyers's sentence is substantively reasonable and **AFFIRM** the sentence.