*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 10a0382p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,

      *Plaintiff-Appellee,*

    *v.*

LEE ALMANY,

      *Defendant-Appellant.*

No. 08-6027

Filed: December 16, 2010

Before: MERRITT, MARTIN, and COLE, Circuit Judges

_____

**ORDER**

_____

The five year firearms sentence imposed under 18 U.S.C. § 924(c)(1)(A) is hereby restored in light of *Abbott v. United States*, 131 S. Ct. 18 (Nov. 15, 2010), after the Supreme Court vacated our judgment and remanded it to us in light of the *Abbott* case.

Accordingly, the judgment of the District Court is affirmed.

MERRITT and MARTIN, Circuit Judges, concurring.  The Supreme Court has now decided that the phrase "any other provision of law" has a meaning exactly opposite to the ordinary meaning of the words.  This mode of interpretation was sometimes followed in the early days of the Common Law in the time of Edward I and II in the 13th and 14th Centuries when the judges would sometimes correct the legislative language and reverse the meaning of a statute under a doctrine of interpretation called "The Equity of the Statute."  Looking back some four centuries later, Blackstone said the early judges would sometimes change the statute when "the law (by reason of its universality) is deficient" and needed correction or the judges had participated in making the statute and knew what it was supposed to mean.  A fuller description of this practice is found in Plucknett, A Concise History of the Common Law, 331-35 (5th ed. 1956).  In this case, a unanimous Supreme Court engaged in a similar instance of 13th Century "originalism" by interpreting the "equity" of a statute to mean just the opposite of what the words say because the Court believed it knew the intended meaning of the statute.

Here the district court, at the request of the government, piled two mandatory minimum sentences on top of each other, one a 10-year drug sentence, the second a 5-year firearms sentence connected to the drug sentence.  Our court set the 5-year firearms sentence aside under the words of the firearms statute that state expressly that the 5-year sentence should not be imposed at all "to the extent that a greater minimum sentence is otherwise provided . . . *by any other provision of law*."  *United States v. Almany*, 598 F.3d 238, 241-42 (6th Cir. 2010) (quoting 18 U.S.C. § 924(c)(1)(A) (emphasis added)).[1]  The Supreme Court reversed our decision.  We were wrong because in these kinds of statutes, Congress normally intends to make sentences longer, not shorter, more severe, not less. *Abbott v. United States*, 131 S. Ct. 18 (Nov. 15, 2010).  The Supreme

---

[1]The statute in question reads:

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime [receive a five year mandatory minimum, consecutive sentence].

18 U.S.C. § 924(c)(1)(A) (emphasis added).

Court understood, it said, that the lesser sentence resulting from the express words "any other provision of law" of the statute "project a rational, less harsh, mode of sentencing. But we do not think it was the mode Congress ordered." Slip op. at 13. Having observed that the "less harsh"construction was a rational construction, the Court then said that the "grammatical possibility of a defendant's interpretation does not command a resort to the rule of lenity if the interpretation proffered by the defendant reflects an implausible reading of the congressional purpose." *Id*. at 18 n.9 (internal quotation marks omitted). Thus, apparently the rule of lenity based on ambiguous language does not operate when the court resorts to the "Equity of the Statute" to give it a construction opposite to the meaning the words ordinarily signify because the Court knows that what the legislature intended was not what it wrote. Nothing is mentioned about an *ex post facto* problem when a statute is interpreted contrary to its words. The Supreme Court is "final but not infallible" and we must follow their interpretation of statutes. The "Equity of the Statute" doctrine is alive and well — although unmentioned by the Supreme Court — more than seven centuries after its origin at common law.

ENTERED BY ORDER OF THE COURT

/s/ Leonard Green

_____

Clerk