RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0072p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

        *v.*

GEORGE CLARK,
            *Defendant-Appellant.*

No. 08-6174

_____

Appeal from the United States District Court
for the Eastern District of Kentucky at London.
No. 07-00013-001—Danny C. Reeves, District Judge.

Argued: March 8, 2011

Decided and Filed: March 24, 2011

Before: KEITH, MERRITT, and MARTIN, Circuit Judges.

_____

## COUNSEL

**ARGUED:** James A. Earhart, Louisville, Kentucky, for Appellant. John M. Pellettieri, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** James A. Earhart, Louisville, Kentucky, for Appellant. John M. Pellettieri, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., Charles P. Wisdom, Jr., ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. George Clark appeals his conviction after a jury trial for several different offenses arising out of a series of home invasions. Clark argues that there is insufficient evidence to support his convictions, and challenges the sentence he received. Additionally, Clark argues that the district court erred by

1

admitting evidence of prior crimes for which he was convicted.  We **AFFIRM** Clark's conviction and sentence.

## I.

Working with two accomplices, James Bowling and Jeremy Brashear, Clark entered seven different homes with weapons and stole drugs and money.  While each of the charged robberies was slightly different, generally, Clark and an accomplice would enter the home brandishing weapons.  One of Clark's accomplices guarded any occupants while Clark searched the home for prescription drugs, illegal narcotics, and money while the other accomplice waited outside.  Afterwards the three divided the stolen property.

Eventually one of the victims provided the police with a description of the white GMC Blazer that Clark and his accomplices were driving when they robbed him.  Police located and stopped the car, and arrested Clark's accomplices.  However, Clark was not in the vehicle at the time.

Clark's accomplices cooperated with law enforcement and admitted their involvement in the robberies.  Based on the information they provided, police obtained a warrant to search Clark's property and discovered two assault rifles, a .9 millimeter pistol, masks, items stolen during the robberies, and forged military discharge papers.

Police arrested Clark, who said that he was aware of the robberies in the area but was not involved.  Clark explained that although Bowling and Brashear had approached him, he only provided advice and had actually tried to stop them.

At trial, Bowling and Brashear, who had both agreed to cooperate with the United States, testified against Clark and a jury convicted Clark of all twenty-one counts charged in the indictment.  Specifically, the jury convicted Clark of: one count of robbery in violation of the Hobbs Act, 18 U.S.C. § 1951; seven counts of attempted possession of a controlled substance with intent to distribute, in violation of 18 U.S.C. § 846; seven counts of using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C § 924(c); three counts of being a felon in

possession, in violation of 18 U.S.C. § 922(g)(1); one count of possessing a stolen firearm, in violation of 18 U.S.C. § 922(j); and two counts of possessing a forged certificate of discharge from military service, in violation of 18 U.S.C. § 498. The district court determined that Clark was subject to six consecutive twenty-five-year sentences for the section 924(c) violations which, when combined with the sentences for the other counts, led it to impose a sentence of 189 years and one month's imprisonment.

On appeal, Clark argues that there is insufficient evidence to support his convictions for possession of a controlled substance with intent to distribute. Clark also argues that the district court erred by imposing mandatory consecutive sentences and that the sentence he received violates the Eighth Amendment, his due process rights, separation of powers, and his Sixth Amendment rights. Finally, Clark asserts that the district court erred by admitting evidence of his prior burglary convictions.

## II.

Clark argues that the United States did not introduce sufficient evidence that he intended to distribute the stolen drugs to support his convictions for possession with the intent to distribute. To determine if a conviction is supported by sufficient evidence, we consider whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Holden*, 557 F.3d 698, 707 (6th Cir. 2009). Circumstantial evidence is sufficient to sustain a conviction and the evidence need not remove every reasonable hypothesis except that of guilt. *United States v. Algee*, 599 F.3d 506, 512 (6th Cir. 2010).

We hold that the United States introduced sufficient evidence from which the jury could conclude that Clark intended to distribute the drugs that he stole in the robberies. First, the jury could have found that Clark intended to sell the drugs to others. The evidence that Clark had previously robbed drug dealers and sold the drugs he stole supports the inference that he intended to do the same here. And, during at least one of the charged robberies, Clark expected to steal a large amount of drugs. *Cf. United States v. Franklin*, 728 F.2d 994, 998 (6th Cir. 1984) (inferring intent to distribute from

possession of a large quantity of the substance).    Additionally, one of Clark's accomplices, Bowling, testified that he intended to sell his share of the drugs, which suggests that Clark may have intended to do the same. Therefore, drawing all inferences in favor of the United States, a rational trier of fact could have concluded that Clark had the requisite intent to distribute the stolen drugs.

Alternatively, the United States introduced evidence that Clark satisfied the distribution requirement by dividing the drugs with his wife and other individuals who had not participated in the robberies.  We have held that an individual who shares drugs with a friend possesses the intent to distribute. *See United States v. Layne*, 192 F.3d 556, 569 (6th Cir. 1999).  Although the Second Circuit has held that there is no distribution when two individuals simultaneously and jointly acquire possession of a drug intending to use it together, *United States v. Swiderski*, 548 F.2d 445, 450 (2d Cir. 1977), this reasoning does not apply to the facts of this case.  In addition to distributing the stolen drugs with his accomplices, the evidence at trial established that Clark also gave drugs to others.  Therefore, even if we were to accept *Swiderski*, Clark's use of the drugs does not fall within that narrow exception.  Accordingly, we hold that the United States introduced sufficient evidence that Clark distributed the drugs to others to support the jury's verdict in this case.

### III.

Clark argues that the district court erred by imposing consecutive sentences pursuant to section 924(c) for carrying a firearm during the commission of the robberies. Additionally, Clark argues that the sentence he received is unconstitutionally disproportionate to the seriousness of his offense, violates separation of powers, and deprives him of due process and his Sixth Amendment right to a trial.  However, Clark did not raise any of these arguments at sentencing.  Therefore, we review these claims for plain error. *See United States v. Watkins*, 509 F.3d 277, 281-82 (6th Cir. 2007).

While Clark's argument that the district court erred by imposing consecutive mandatory minimum sentences pursuant to section 924(c) once had traction, the Supreme Court's decision in *Abbott v. United States*, 131 S. Ct. 18, 22 (2010), forecloses

any further discussion on this issue.  *See United States v. Almany*, 626 F.3d 901, 901-02 (6th Cir. 2010).   Therefore, the district court did not err in imposing separate, consecutive, sentences for each of the section 924(c) violations for which Clark was convicted.

Similarly, although Clark received an extremely long sentence, his sentence does not violate the Eighth Amendment.  All told, the district court sentenced Clark to 189 years and one month's imprisonment.  This Court has previously upheld lengthy sentences that arose from the mandatory minimum sentences required by section 924(c). For example, in *United States v. Watkins*, 509 F.3d 277, 282-83 (6th Cir. 2007), this Court rejected a defendant's similar arguments that his 147-year and eight-month sentence formed from several section 924(c) convictions was disproportionate to the offense.  *Accord United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000) (upholding sentences of 116 years and three months and 186 years and ten months).  *Watkins* noted that this Circuit has never held that the consecutive-sentence requirement in section 924(c) is unconstitutional.   509 F.3d at 282.   While Clark certainly could have committed a far worse crime, the armed robberies he committed were far from trivial offenses.   Therefore, in light of the seriousness and sheer number of crimes Clark committed, his sentence is not grossly disproportionate to the crimes for which he was convicted.

Without citation to legal authority, Clark also argues that the sentencing regime in section 924(c) is unconstitutional because it violates separation of powers, his right to due process, and his Sixth Amendment right to a jury trial.  After careful review, we find these arguments meritless.

**IV.**

Clark also challenges the district court's decision to admit evidence of his prior convictions for similar robberies.  We review a district court's decision to admit evidence of prior bad acts under Rule 404(b) for abuse of discretion.  *United States v. Allen*, 619 F.3d 518, 523-24 & n.2 (6th Cir. 2010).  "A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law

or uses an erroneous legal standard." *Id.* at 523-24 (internal quotation marks omitted). In a written opinion issued after a hearing, the district court properly followed the procedure set forth by this Court in *United States v. Merriweather*, 78 F.3d 1070, 1076 (6th Cir. 1996), to determine whether evidence of Clark's prior bad acts is admissible under Rule 404(b).

While the district court held that the United States could introduce evidence of Clark's prior burglaries under Rule 404(b), we need not decide whether the district court erred: even if it did, any error was harmless in light of the extensive testimony from Clark's co-defendants about his involvement in the charged conduct. "An error is harmless unless one can say, with fair assurance that the error materially affected the defendant's substantial rights—that the judgment was substantially swayed by the error." *United States v. Allen*, 619 F.3d 518 (6th Cir. 2010) (internal quotation marks and citation omitted). Here, Clark's co-defendants, Brashear and Bowling, both entered plea agreements with the United States and testified against Clark. The two witnesses provided ample testimony to establish Clark's involvement in the robberies. Therefore, any error was harmless in light of the detailed testimony from Clark's accomplices that established his involvement in this string of robberies.

## V.

Finding no merit to any of Clark's challenges, we therefore **AFFIRM** his conviction and sentence.