07-2436-cr
USA v. Williams

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of September, two thousand eleven,

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
                     *Circuit Judges*.[1]

---

UNITED STATES OF AMERICA,

                     Appellee,
             v.                              Docket No. 07-2436

LEON WILLIAMS,
                     Defendant-Appellant.

---

Appearing for Appellant:          B. ALAN SEIDLER, New York, NY.

---

[1] The Honorable David G. Trager, United States District Court Judge for the Eastern District of New York, who was originally a member of this panel, sitting by designation, died prior to the resolution of this case. The remaining two judges, who are in agreement, have determined the matter. See 28 U.S.C. § 46(d); Second Circuit Internal Operating Procedure E(b); United States v. DeSimone, 140 F.3d 457, 458–59 (2d Cir.1998).

Appearing for Appellee:          ANJAN SAHNI and WILLIAM J. HARRINGTON,
                                  Assistant United States Attorneys (Jonathan S. Kolodner
                                  and Daniel Braun, Assistant United States Attorneys, *of
                                  counsel*), for Preet Bharara, United States Attorney for the
                                  Southern District of New York, New York, NY.


Amicus Curiae
in Support of Appellant:          LEWIS J. LIMAN (Michael J. Byars, *of counsel*), Cleary
                                  Gottlieb Steen & Hamilton LLP, New York, NY.


        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction and sentence of said district court be and it hereby is **AFFIRMED**, and this matter is **REMANDED** to the district court for consideration of whether resentencing is appropriate.

        Appeal from the United States District Court for the Southern District of New York (Sand, *J.*).

        In *United States v. Williams*, we held that the district court erred in imposing the five-year mandatory minimum consecutive sentence under 18 U.S.C. § 924(c)(1)(A)(I) even though a greater minimum sentence was provided for the predicate drug trafficking crime.  558 F.3d 166 (2d Cir. 2009).  The Supreme Court abrograted our decision in *Abbott v. United States*, 526 U.S. ___, 131 S.Ct. 18 (2010), granted the government's petition for certiorari, vacated and remanded the case back to this Court for further consideration.

        On remand, we again affirm the district court's judgment of conviction.  Given the outcome in *Abbott*, we now affirm the district court's sentence.  We remand to give the district court the opportunity to determine whether resentencing is appropriate pursuant to *United States v. Regalado*, 518 F.3d 143 (2d Cir.2008). We reject Williams's other challenges to his conviction and sentence on appeal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

        Williams was convicted on three counts: (1) possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g); (2) possessing with intent to distribute over 50 grams of crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a) & 841(b)(1)(A); and (3) possessing a firearm in furtherance of the drug trafficking crime charged in count two, in violation of 18 U.S.C. § 924(c)(1)(A)(I). Williams was sentenced principally to 130 months imprisonment on count one (felon-in-possession), to run concurrently with a sentence of 135 months imprisonment on count two (drug trafficking), and an additional consecutive five years (60 months) imprisonment on count three (possession of a firearm in furtherance of drug trafficking), for a total of 195 months imprisonment.

2

Williams challenges the sufficiency of the evidence underlying his conviction, arguing that there was no evidence demonstrating that he knowingly possessed the crack cocaine and firearm that were recovered from the vehicle. In reviewing the sufficiency of the evidence, we must "view the evidence presented in the light most favorable to the government, and . . . draw all reasonable inferences in its favor." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir. 2000). The verdict must be sustained if " any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis omitted). The evidence presented at trial was sufficient to permit a rational juror to conclude beyond a reasonable doubt that: Williams possessed the firearm (his fingerprints were on the gun magazine;[2] it was in the car he was driving); Williams possessed the crack cocaine with an intent to distribute (the car had a narcotics odor; the drugs were in the same compartment as the firearm; there were 180 small bags containing over 150 grams of cocaine; he had $1,100 and six cellular phones in the car); and that the gun was used in connection with the firearms offense (the gun and the drugs were found in the same hidden compartment). Thus, we reject Williams's challenge to the sufficiency of the evidence.

Williams also argues that his trial counsel was ineffective for stipulating to the fact that the gun and drugs were found during an inventory search of the car following his arrest. Williams argues that this stipulation was inconsistent with the alleged theory of the defense: to wit, that Williams was framed by the police. We decline to deviate from our "baseline aversion to resolving ineffectiveness claims on direct review" in this case, because the factual record on the issue is not fully developed and resolution of the issue is not beyond doubt. *See United States v. Khedr*, 343 F.3d 96, 99-100 (2d Cir. 2003) (quotation marks omitted). Williams's ineffectiveness claim can be better developed in the district court on a motion under 28 U.S.C. § 2255. *Id.* at 100.

The Supreme Court's decision in *Abbott* forecloses Williams's challenge to his sentence pursuant to Section 924(c)(1)(A)(I). *See United States v. Tejada*, 631 F.3d 614, 619 (2d Cir. 2011). However, Williams also challenges the constitutionality of the crack-to-powder cocaine sentencing ratio, which was integral to the calculation of his base offense levels and sentencing range on the narcotics count under the United States Sentencing Guidelines. The government concedes that the record does not establish whether the district court was cognizant of its ability to impose a non-Guidelines sentence based on the disparity between sentencing for crack and powder cocaine offenses, and that therefore, remand is appropriate pursuant to *United States v. Regalado*, 518 F.3d 143, 149 (2d Cir. 2008).

---

[2] Williams testified at trial that his fingerprints appeared on the gun magazine because police officers had handed him the gun magazine at the precinct. In rebuttal, two police officers testified that Williams did not touch the weapons at the precinct. The jury certainly could have inferred from the officers's testimony that Williams's fingerprints were on the gun magazine before the arrest and, indeed, that Williams testified falsely in order to conceal his knowledge of what was in the car's hidden compartment.

For the foregoing reasons, we **AFFIRM** Williams's conviction and sentence, and **REMAND** to the district court for consideration of whether resentencing is appropriate pursuant to *Regalado*.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk