**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0698n.06

**No. 09-5264**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Oct 05, 2011**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| SIEG RANSOM, aka J-Rock | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY, COOK, and KETHLEDGE, Circuit Judges.

COOK, Circuit Judge. In this sentencing appeal, we must determine whether the district judge erred in applying a five-year minimum consecutive sentence under 18 U.S.C. § 924(c) and whether the district judge abused his discretion in declining to vary downward from the career offender guidelines range. Concluding that the district judge applied § 924(c) correctly and that the district judge did not abuse his discretion in determining the sentence, we affirm.

I

Defendant-appellant Sieg Ransom pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), two counts of possession of more than five grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm during and in relation to a drug-trafficking offense in violation of 18 U.S.C.

§ 924(c).  The probation officer determined in a Presentence Investigation Report ("PSR") that Ransom faced a total offense level of 23 and a criminal history category of VI.  The probation officer then applied the career offender guidelines under U.S.S.G. § 4B1.1(b)(A), resulting in an offense level of 34 (after the subtraction of three levels for acceptance of responsibility) and a guideline range of 262 to 327 months.  The combination of the § 924(c) conviction and other drug-trafficking convictions added 60 months to Ransom's advisory range, resulting in a final advisory range of 322 to 387 months.

At sentencing, Judge Samuel H. Mays, Jr., stated the recommended guidelines range and asked the parties to comment, but the parties did not dispute the calculation, the application of the five-year minimum consecutive sentence, or the criminal history as stated in the PSR.  Defense counsel voiced Ransom's position that the career offender guideline should not apply because Ransom's criminal record overstated the seriousness of his criminal history.  Notwithstanding counsel's arguments, the district judge expressed concern that Ransom's record might have understated Ransom's criminal history, noting that Ransom had incurred new charges for drug-trafficking crimes since the last conviction.  He then sentenced Ransom to 322 months of imprisonment: 120 months for Count 1 and 262 months for Counts 2 and 4 to run concurrently, and 60 months on Count 3 to run consecutively.

Ransom filed a timely notice of appeal on March 3, 2009.  He asks this court to overturn the district court's decision and to remand for resentencing, contending that the district court should not

have applied a five-year minimum consecutive sentence for the § 924(c) violation and that the

district court abused its discretion in refusing to deviate from the career offender sentencing

guideline.

II

The parties dispute whether 18 U.S.C. § 924(c)(1)(A) requires a minimum consecutive

sentence of five years even where Ransom faces a greater minimum sentence for another count of

conviction unrelated to using, carrying, or possessing a firearm in connection with a crime of

violence or a drug-trafficking crime. "The district court's application of 18 U.S.C. § 924(c) is a

question of law which we review de novo." *United States v. Langan*, 263 F.3d 613, 626-27 (6th Cir.

2001). 18 U.S.C. § 924(c)(1)(A) states in relevant part:

> *Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—(i) be sentenced to a term of imprisonment of not less than 5 years . . . .

18 U.S.C. § 924(c)(1)(A) (2006) (emphasis added). Ransom contends that the plain meaning of the

phrase "otherwise provided by this subsection or by any other provision of law" encompasses all

classes of laws without limit. In *United States v. Almany*, 598 F.3d 238, 242 (6th Cir. 2010), we

endorsed this interpretation of the phrase. The Government proposes instead that "any other provision of law" refers only to laws that penalize "using, carrying, or possessing a firearm in connection with a crime of violence or a drug trafficking crime."

Sometime after the parties submitted their briefs, the Supreme Court ruled on this very issue in *Abbott v. United States*, ___ U.S. ___, 131 S. Ct. 18, 29-31 (2010). The Court adopted the Government's approach, clarifying that the exception in § 924(c) only applies if another count imposes a higher minimum penalty for using, carrying, or possessing a firearm in connection with a drug-trafficking crime or crime of violence. *Abbott* expressly rejected the interpretation that Ransom proposes, and the Supreme Court later vacated *Almany* and remanded the case for further consideration in light of *Abbott*. *See Abbott*, 131 S. Ct. at 23 ("[A] defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."); *United States v. Almany*, 131 S. Ct. 637 (2010). The Sixth Circuit then affirmed the district court decision in *Almany*, following *Abbott*'s interpretation. *United States v. Almany*, 626 F.3d 901, 901-02 (6th Cir. 2010).

In the instant case, none of Ransom's other counts concerns using, carrying, or possessing a firearm in connection with a drug-trafficking crime or crime of violence. As such, the exception does not apply and § 924(c) requires Ransom to serve the five-year minimum consecutive sentence.

III

Ransom next argues that the district court unreasonably refused to vary from the career offender guideline, which added 17 to 19 years to the 92- to 115-month guidelines range he would have otherwise received. "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). We evaluate the district court's decision for procedural reasonableness and substantive reasonableness. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006).

A. Procedural Reasonableness

Significant procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence," may constitute procedural unreasonableness. *Gall*, 552 U.S. at 51. As explained in *Gall*, a district court should begin the sentencing proceedings with a correct calculation of the guidelines range, give both parties an opportunity to argue for whatever sentence they deem appropriate, and consider all of the § 3553(a) factors without presuming the reasonableness of the guidelines range. *Id.* at 49-50; *cf. Rita v. United States*, 551 U.S. 338, 351 (2007) (emphasizing that the presumption of reasonableness for a sentence within the guidelines applies only at the appellate level). Then, upon settling on the appropriate sentence, the district court must "adequately explain the chosen

sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."
*Gall*, 552 U.S. at 50 (citing *Rita*, 551 U.S. at 357-58).

The parties do not dispute that Judge Mays calculated the guidelines range correctly or that he gave both parties an opportunity to argue their positions at the sentencing hearing. Ransom contends, however, that Judge Mays failed to treat the guidelines as advisory and failed to account adequately for the need to avoid sentencing disparities under § 3553(a)(6).

### 1. Treatment of Guidelines As Mandatory

Though Judge Mays expressly acknowledged the advisory nature of the guidelines, Ransom asserts that Judge Mays nevertheless felt "constrained to apply the guidelines in a mandatory fashion." As evidence, Ransom construes Judge Mays's comments to express concern that "he would not be following the 'rule of law in this country' were he to vary from the guidelines," that "he could not pick a number out of thin air, that he was not supposed to be guessing what he might do if Mr. Ransom were somebody else, and that he could not rely on his instincts."

Ransom misreads these quotes by divorcing them from their context. When Judge Mays stated, "It doesn't work under the rule of law in this country," the "[i]t" in that comment referred to the act of selecting a sentence without "hav[ing] a reasonable basis for [his] sentence," not the act of sentencing outside of the guidelines range. *Cf. United States v. Johnson*, 640 F.3d 195, 205 (6th Cir. 2011) (quoting *Gall*, 552 U.S. at 51) ("When imposing a procedurally reasonable sentence, the

district court must 'adequately explain the chosen sentence—including an explanation for *any deviation* from the Guidelines range.'" (emphasis added in *Johnson*)). Judge Mays acknowledged that the guidelines sentence initially seemed high to him, and he considered whether he could rationally justify imposing a sentence below the guidelines range. Finding that he could not, he concluded, "the more I look at it, the guidelines appear to be what work here, although, I think they are real heavy." Judge Mays's reasoning on the record suggests a reluctance to act arbitrarily, not a reluctance to vary from the guidelines. Judge Mays's express reasoning for staying within the guidelines suggests that he understood the nonmandatory nature of the guidelines and came to an independent decision not to vary from them in this case because of Ransom's recidivism.

2. Failure to Consider Need to Avoid Sentence Disparities Under § 3553(a)(6)

Section 3553(a)(6) requires sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (2006). Ransom faults Judge Mays for creating national disparities in sentencing by "disregarding" *United States v. Ennis*, 468 F. Supp. 2d 228 (D. Mass. 2006)*,* and two cases from the Northern District of Ohio that followed *Ennis*: *United States v. Vigorito*, No. 4:04-CR-00011, 2007 WL 4125914 (N.D. Ohio Nov. 20, 2007), and *United States v. Ortiz*, 502 F. Supp. 2d 712 (N.D. Ohio 2007).

Section 3553(a)(6) refers to national disparities rather than disparities among co-defendants, but a district judge "*may* exercise his or her discretion and determine a defendant's sentence in light

of a co-defendant's sentence." *United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008). In *Ennis*, the district judge exercised her discretion in sentencing a career-offender below the guidelines range to avoid the anomalous situation of the street vendor with career-offender status receiving a stiffer sentence than the more culpable co-defendant drug suppliers who had sufficiently distanced themselves from the streets to have minimal criminal records. *Id.* at 230-31, 233 (applying this rationale to conclude that drug quantity overstated Ennis's minor role in conspiracy). Rather than "disregarding" *Ennis*, Judge Mays explicitly distinguished the *Ennis* sentencing situation from Ransom's. He went on, selecting a sentence consistent with the national guidelines "for uniformity purposes."

Nor do *Vigorito* and *Ortiz* compel a finding of abuse of discretion in Ransom's case. While the district judge in *Vigorito* evaluated a career offender with the same criminal history category facing the same sentence range as Ransom, that judge found the predicate offenses minor and gave weight to Vigorito's efforts to improve himself in prison before concluding that the tripling effect of the career offender guideline appeared too harsh given the § 3553(a) analysis for that case. *See Vigorito*, 2007 WL 4125914, at *6-8. By contrast, Judge Mays concluded after examining the drug quantities reported in Ransom's criminal history that Ransom's criminal history understated the seriousness of Ransom's drug-trafficking activities, noting with particular concern the $1,000 found on Ransom's person during one offense and Ransom's pattern of recidivism. The district judge in *Ortiz* faced a co-defendant disparity problem more akin to the situation in *Ennis* than the situation before Judge Mays. That district judge explained that a sentence in the career offender guideline

range "would have been greater than necessary, *especially given the sentences for the co-defendants*," *Ortiz*, 502 F. Supp. 2d at 719 (emphasis added), and he focused exclusively on the disparity between co-defendants in his analysis of § 3553(a)(6)'s uniformity factor. Ransom's three distinguishable cases concerning career offenders fail to persuade us that Judge Mays abused his discretion here.

### B. Substantive Reasonableness

"A sentence is substantively unreasonable if the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Camiscione*, 591 F.3d 823, 832 (6th Cir. 2010) (quoting *United States v. Lapsins*, 570 F.3d 758, 772 (6th Cir. 2009)) (internal quotation marks omitted). "[T]here is no requirement that every [§ 3553] factor be discussed at length," *United States v. Blackie*, 548 F.3d 395, 400 (6th Cir. 2008), but the "black letter law of this Circuit requires district courts to consider all factors brought to their attention by a defendant," *United States v. Gunter*, 620 F.3d 642, 646 (6th Cir. 2010) (quoting *United States v. Blackwell*, 459 F.3d 739, 774 (6th Cir. 2006)).

Unlike *Ennis*, 468 F. Supp. 2d at 238, where the judge observed that "[t]here are times when every judge tallies up the Guideline numbers, arrives at a range, and concludes that the result makes absolutely no sense," Judge Mays decided that the guidelines sentencing range made sense for Ransom. Ransom conclusorily insists that his sentence is "greater than necessary" to achieve the

goals stated in § 3553(a)(2), but Judge Mays addressed these factors in open court.  Ransom offers

no argument to support his assertion to substantive unreasonableness other than his faulty *Ennis*

comparison.

IV

Given that *Abbott* requires the five-year minimum consecutive sentence from § 924(c) to

apply in this case and given that the sentencing hearing transcript does not support Ransom's view

that the district judge treated the sentencing guidelines as mandatory or failed to consider the §

3553(a) factors, we affirm.