**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0837n.06

No. 09-3827

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

FILED

*Dec 13, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| PADRON THOMAS, | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | **O P I N I O N** |
| | ) | |

Before:  MERRITT and MOORE, Circuit Judges; MAYS, District Judge.[*]

**KAREN NELSON MOORE, Circuit Judge.**  In this appeal, Padron Thomas ("Thomas")

claims that the district court improperly imposed a consecutive sixty-month sentence pursuant to 18

U.S.C. § 924(c)(1).  In light of the Supreme Court's recent decision in *Abbott v. United States*, 131

S. Ct. 18 (2010), we **AFFIRM**.

**I.  BACKGROUND**

On May 20, 2008, Thomas pleaded guilty to one count of possession of more than 1000

kilograms of marijuana with intent to distribute and one count of possession of a firearm in

furtherance of a drug-trafficking offense.  Pursuant to the plea agreement, the government dismissed

all other charges pending against Thomas, and Thomas waived his right to appeal any sentence

imposed "unless the sentence exceeds the maximum permitted by statute."  R. 167 (Plea Agreement

---

[*]The Honorable Samuel H. Mays, Jr., United States District Judge for the Western District
of Tennessee, sitting by designation.

at 3). The Presentence Report ("PSR") prepared by the United States Probation Office calculated a total offense level of thirty-four, PSR at ¶ 86, a criminal history category of VI, *id.* at ¶ 103, and a recommended guideline range of 322 to 387 months of imprisonment, *id.* at ¶ 121. At the sentencing hearing, the district court granted the government's § 5K1.1 motion for a downward departure in light of Thomas's cooperation with law enforcement, reducing the guideline range to 151 to 188 months of imprisonment. R. 323 (Sent. Hr'g at 43:16-25). The district court imposed a sentence of 151 months of imprisonment for the drug count and sixty months of consecutive imprisonment for possession of a firearm in furtherance of drug trafficking pursuant to 18 U.S.C. § 924(c). Thomas timely appeals.

## II. ANALYSIS

The sole issue raised by Thomas on appeal is whether the district court erred in imposing the consecutive sixty-month sentence pursuant to 18 U.S.C. § 924(c) in light of Thomas's statutory minimum sentence of ten years for the predicate drug count.[1] Thomas requests that this Circuit adopt the Second Circuit's reasoning in *United States v. Williams*, 558 F.3d 166 (2d Cir. 2009), which interpreted 18 U.S.C. § 924(c) not to apply the otherwise mandatory five-year consecutive sentence for possession of a firearm in furtherance of a drug trafficking scheme where a defendant is already subject to a greater mandatory minimum term of imprisonment for the predicate drug-trafficking

---

[1]Thomas contends that this argument is properly appealed pursuant to the terms of his plea agreement because, should this court accept his argument, the maximum statutory sentence under 18 U.S.C. § 924(c) would be zero years of imprisonment. We decline to decide this issue because Thomas's appeal can be dismissed on the merits.

offense. Since the filing of Thomas's appeal, this Circuit initially adopted Thomas's view in *United States v. Almany*, 598 F.3d 238 (6th Cir.), *cert. granted*, *vacated*, 131 S. Ct. 637 (2010), but that decision was overturned by the Supreme Court in *Abbott v. United States*. *United States v. Almany*, 626 F.3d 901 (6th Cir. 2010); *see also United States v. Williams*, --- F. App'x ----, 2011 WL 4035829 (2d Cir. 2011) (unpublished opinion). The law is now clear that 18 U.S.C. § 924(c) mandates a consecutive five-year minimum sentence regardless of whether the defendant is subject to a greater mandatory minimum sentence for the underlying drug-trafficking offence. *See, e.g., United States v. Ham*, 628 F.3d 801, 811-13 (6th Cir. 2011); *United States v. Ransom*, 436 F. App'x 605, 607 (6th Cir. 2011); *United States v. Campbell*, 436 F. App'x 518, 533 (6th Cir. 2011). Accordingly, the district court did not err in imposing the consecutive sixty-month sentence pursuant to 18 U.S.C. § 924(c).

## II. CONCLUSION

Because the district court properly imposed the sixty-month consecutive sentence, we **AFFIRM**.