ALAN E. NORRIS, Circuit Judge,
dissenting in part and concurring in part.
As the district court recognized, the standard that a criminal defendant must *747 meet in order to prevail on a post-trial motion for a judgment of acquittal is onerous. “If any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt,” we must affirm the judgment of the jury. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). “[W]e do not weigh the evidence, consider the credibility of witnesses or substitute our judgment for that of the jury.” United States v. Hilliard, 11 F.3d 618, 620 (6th Cir.1993).
The majority does a thorough job in mustering the evidence that it believes supports the reinstatement of the conspiracy counts. I do not take issue with any of the facts presented by the majority. I simply disagree that they add up to the quantum of evidence required to support a finding of guilt beyond a reasonable doubt.
First, the case against Mr. Ouedraogo is completely circumstantial. Of course, circumstantial evidence standing alone can sustain a guilty verdict. United States v. Parkes, 668 F.3d 295, 302 (6th Cir.2012); United States v. Clark, 634 F.3d 874, 876 (6th Cir.2011). As this court has noted, however, “charges of conspiracy are not to be made out by piling inference upon inference.” United States v. Sliwo, 620 F.3d 630, 638 (6th Cir.2010) (quoting Direct Sales Co. v. United States, 319 U.S. 703, 711, 63 S.Ct. 1265, 87 L.Ed. 1674 (1943)). With respect to the bank fraud conspiracy conviction, the majority believes that “[t]he sheer volume of phone calls between the defendants in 2007 suggests a shift in their relationship, consistent with a burgeoning conspiracy.” Perhaps, but that conclusion strikes me as a stretch. Mr. Ouedraogo and his co-defendant Rami Saba spent more time on the telephone in June 2006 than during the month of the alleged kidnapping of Mr. Dietz. United States v. Ouedraogo, 837 F.Supp.2d 720, 734 (W.D.Mich.2011) (citing exhibits). It is undisputed that the men were exceedingly close, which makes the waxing and waning of telephone exchanges not particularly probative of criminal conduct. As the district court observed, “Given defendants’ undisputed close relationship and [the] frequency of their calls, nothing incriminating can reasonably be inferred from the mere timing and pattern of calls with Ouedraogo over the course of Saba’s use of the Tracfone.” Id. at 735. Another instance of circumstantial evidence that loses its steam under close scrutiny is Mr. Oue-draogo’s visit to Brooklyn, allegedly to obtain the signature of a notary. The majority fails to mention that the notary herself testified that she had never met Mr. Oue-draogo. Id. at 736. In short, while the evidence produced at trial reveals suspicious activity when looked at through the lens offered by the government, it falls short of proving guilt beyond a reasonable doubt.
Second, I think that a comment about the timing of the two trials is in order to understand why the belated grant of defendant’s motion for a judgment of acquittal resonates with me. For whatever reason, Mr. Ouedraogo who everyone concedes was the less culpable of the two defendants was tried first. Yet, “[t]he government proofs ... were all about Saba.” Id. at 729. In the view of the district court, the government “employed a ruthless repetition of unconnected facts in the effort to persuade the jury of Oue-draogo’s participation.” Id. I agree with this assessment. Given its grant of defendant’s motion, it is obvious that, had the district court the opportunity to revisit the matter, it would not have submitted Mr. Ouedraogo’s case to the jury. Furthermore, I am convinced that, had the court presided over Mr. Saba’s trial first, it would have ruled differently at trial. For one, Mr. Ash’s testimony, which *748 strikes me, as it now does the district court, as improvidently allowed, would have been seen by the district court in a second trial for what it is: entitled to no weight. The district court puts it this way: “It became patently clear to the Court after his successive trial testimony that Ash’s testimony concerning the alleged handwritten statement by Saba is not creditworthy in any respect and is entitled to absolutely no weight in this case.” Id. at 740 (emphasis added). In short, the district court changed its view of the creditworthiness of the testimony as it progressed through the two trials. It seems to me wrong as a matter of justice to deny Mr. Ouedraogo the benefit of this increasing awareness simply because he was tried first. Yes, the jury’s verdict is entitled to great deference, but in this unusual case in which the same district judge observed two nearly identical trials, I am inclined to err on the side of caution and hold, as she did, that the government failed to establish defendant’s guilt beyond a reasonable doubt.
I therefore dissent from the majority’s decision to reverse the grant of the motion to acquit with respect to the conspiracy counts and concur in its resolution of the substantive kidnapping count.