RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 08a0416p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

      *Plaintiff-Appellant,*

*v.*

        No. 07-1147

KEITH PRESLEY,

      *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 00-80756—Avern Cohn, District Judge.

Argued: October 23, 2008

Decided and Filed: November 24, 2008

Before: MOORE, CLAY, and SUTTON, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Jennifer J. Sinclair, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellant. James W. Amberg, AMBERG & AMBERG, Keego Harbor, Michigan, for Appellee. **ON BRIEF:** Jennifer J. Sinclair, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellant. James W. Amberg, AMBERG & AMBERG, Keego Harbor, Michigan, for Appellee.

_____

## OPINION

_____

      KAREN NELSON MOORE, Circuit Judge. Plaintiff-Appellant the United States of America appeals the district court's resentencing of Defendant-Appellee Keith Presley to 120 months of incarceration, a downward variance from his Guidelines range of 360 months to life. Presley and his co-defendant, Kevin Davis, were found guilty of various counts arising from a drug and money-laundering conspiracy, and both were sentenced to 360 months of incarceration. In *United States v. Davis*, 430 F.3d 345 (6th Cir. 2005), we considered Presley's and Davis's appeals of their convictions and sentences. We affirmed Presley's conviction, but because certain evidence against Davis was obtained in violation of the Fourth Amendment, we reversed the district court's denial of Davis's motion to suppress and remanded for a determination of whether Davis's conviction should stand. We vacated both Presley's and Davis's sentences and remanded for resentencing in light of *Booker*. On remand, the district court made a downward variance based on the disparity between Presley's Guidelines sentence and the 96-month sentence that Davis received pursuant to an agreement with the government. In this appeal, the government argues that the

1

district court erred in reducing Presley's sentence based on the sentencing disparity, because Presley and Davis were not similarly situated on remand. Because Presley's sentence is both procedurally and substantively reasonable, we **AFFIRM**.

## I.  BACKGROUND

The facts underlying Presley's convictions are set forth in our previous opinion. *Davis*, 430 F.3d at 349-50, 358-60. We summarized the procedural background as follows:

> On August 9, 2001, Presley, Davis, and several other codefendants were indicted in the United States District Court for the Eastern District of Michigan. Both Davis and Presley were charged with conspiracy to distribute and possession with the intent to distribute more than five kilograms of cocaine ("Count One"), and conspiracy to launder monetary instruments ("Count Twelve"). Davis was also charged with money laundering ("Counts Thirteen and Fourteen") and aiding and abetting another codefendant in money laundering ("Count Fifteen"). Presley was additionally charged with the use of a communication facility in committing a drug offense ("Count Two"). The indictment alleged that the defendants were involved in a large-scale drug trafficking operation in which both defendants bought and sold large quantities of cocaine. The indictment further alleged that as part of this operation, Davis would take proceeds from drug sales and purchase or lease real estate and vehicles in the names of nominee owners in order "to conceal and disguise the true nature, location, source, ownership, and control of the proceeds." [Joint Appendix ("J.A.") at 73 (Superseding Indictment at 6)].
>
> A jury trial was held, at the conclusion of which the jury found Presley guilty on Counts One, Two, and Twelve (the charges on which he was indicted) and found Davis guilty as to Counts One, Twelve, and Fifteen. Davis was sentenced to concurrent terms of 240 months' imprisonment as to Counts One and Twelve and a consecutive term of 120 months' imprisonment on Count Fifteen, for a total sentence of 360 months' imprisonment. Presley received concurrent sentences of imprisonment for 360 months, 48 months, and 240 months on each count respectively, for a total of 360 months' imprisonment.

*Davis*, 430 F.3d at 350-51. Both Presley and Davis were found responsible for over 150 kilograms of cocaine and were given a four-level enhancement for being a leader or organizer of the conspiracy. "Each scored the same under the guidelines as to Offense Level," but "Presley, because of prior convictions, . . . scored Criminal History II, while Davis scored Criminal History I." *United States v. Presley*, No. 00-80756, 2006 WL 3950257, at *1 (E.D. Mich. Dec. 19, 2006).

Both Presley and Davis appealed their convictions and sentences. We affirmed Presley's conviction. Because we concluded, however, that Davis's vehicle had been searched in violation of the Fourth Amendment, we reversed the district court's denial of Davis's motion to suppress the evidence obtained during the vehicle search and remanded Davis's "case to the district court for a determination as to whether Davis's conviction still stands," directing the district court to consider whether evidence seized during subsequent searches was fruit of the poisonous tree or instead fell under an exception to the exclusionary rule. *Davis*, 430 F.3d at 358. Both Presley's and Davis's sentences were vacated and the cases remanded to the district court for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).

On remand, Davis filed a motion for a new trial, arguing in part that evidence seized from the subsequent searches also should be suppressed. Facing the possibility of a retrial, the government and Davis reached a sentencing agreement in which Davis agreed to withdraw his

pending motion for a new trial and forfeit over $1.2 million, and the government agreed to vacate the judgment on all counts except Count Twelve, the money-laundering conspiracy. The parties agreed to a sentencing range of 87 to 112 months on this remaining charge. On October 25, 2006, the district court resentenced Davis to 96 months in prison, three years of supervised release, and forfeiture of any interest he had in over $2 million seized by the government.

As to Presley, the government submitted a *Booker* resentencing memorandum on September 28, 2006, which discussed the drug quantity and the leadership-role enhancement, concluded that no applicable factors under 18 U.S.C. § 3553(a) took Presley's case out of the "heartland" of drug conspiracy cases, and requested that Presley be resentenced to 360 months of imprisonment. In response, Presley pointed out several § 3553(a) factors favorable to him, including his good behavior and efforts to better himself in prison and the disparity between the government's recommended sentence and that given to Davis and another codefendant, and asked for the mandatory-minimum sentence of 120 months. An initial sentencing hearing was cut short when the district court, expressing concern over the disparity between the treatment of Presley and that of Davis, instructed the government to file a supplemental memorandum on this issue. The government's supplemental memorandum identified seven factors that distinguished Presley's case from Davis's such that the sentencing disparity should not be considered in Presley's resentencing.

At a second sentencing hearing held the next month, the district court disagreed with the government and sentenced Presley to 120 months of incarceration. In a sentencing memorandum, the district court addressed each of the government's seven distinctions between Presley and Davis, finding each either non-existent or not so great as to prohibit consideration of Davis's sentence. The district court then discussed the § 3553(a) factors and the considerations required of the district court. The district court rejected most of Presley's arguments, finding ample evidence in the record to support the amounts of drugs attributed and the leadership enhancement, but did note Presley's efforts to rehabilitate himself in prison. The primary focus of the memorandum, however, was the need to address the disparity between the 360-month Guideline sentence and Davis's 96-month sentence: "The most important consideration, however, in regard to the sentence imposed on Presley is, however, the need to avoid an unwarranted disparity between his sentence and that imposed on Davis with the agreement of the government." *Presley*, 2006 WL 3950257, at *7. The district court went on to discuss cases finding that codefendant sentencing disparity, rather than national disparity, is a permissible factor to consider under 18 U.S.C. § 3553(a)(6). The district court found that these considerations warranted an overall sentence of 120 months, the mandatory-minimum sentence:

> As discussed above, Presley and Davis were both involved in a large scale cocaine conspiracy involving hundreds of kilograms of cocaine and millions of dollars in cash. Both were tried and both were convicted by the same jury. By happenstance, a small portion of the evidence at their trial was found to be excludable as to Davis but not as to Presley. Accordingly, the Court on remand was to review the overall evidentiary basis for the conviction of Davis to see if that conviction could stand without the excluded evidence. The government had an obligation to see if that case could be made. For reasons known only to the government, it chose not to make the effort and entered into a compromise with Davis which resulted in a significantly lower sentence for him; a "windfall" in the words of the government.

> As the Court of Appeals observed in [*United States v.*] *Williams*, [894 F.2d 208 (6th Cir. 1990)], it would violate the spirit of the guidelines and be particularly inequitable for Davis to receive a 96 month sentence and Presley a 360 month sentence for the same conduct. *Booker* gives the Court discretion to impose a

reasonable sentence sufficient, but no greater than necessary, to comply with the purpose set forth in § 3553(a)(2).

The Court is exercising that discretion in a reasoned manner. It is for these reasons that Presley has been sentenced overall to 120 months, the mandatory minimum under Count 1.

*Id*. at *8-9. The government now appeals Presley's sentence.

## II. ANALYSIS

### A. Standard of Review

"Post-*Booker*, we review a district court's sentencing determination 'under a deferential abuse-of-discretion standard,' for reasonableness." *United States v. Bolds*, 511 F.3d 568, 578 (6th Cir. 2007) (quoting *Gall v. United States*, --- U.S. ---, 128 S. Ct. 586, 591 (2007)). "In *Gall*, the Supreme Court directed the Courts of Appeals to 'first ensure that the district court committed no significant procedural error.'" *United States v. Klups*, 514 F.3d 532, 536 (6th Cir. 2008) (quoting *Gall*, 128 S. Ct. at 597). If the sentence is procedurally sound, "[w]e then consider 'the substantive reasonableness of the sentence imposed.'" *United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008) (quoting *Gall*, 128 S. Ct. at 597).

### B. Reasonableness of Presley's Sentence

#### 1. Procedural Reasonableness

Procedural reasonableness requires that a district court "must properly calculate the guidelines range, treat the guidelines as advisory, consider the § 3553(a) factors and adequately explain the chosen sentence—including an explanation for any variance from the guidelines range." *Grossman*, 513 F.3d at 595 (citing *Gall*, 128 S. Ct. at 597). We have, however, "required courts only to provide enough detail to allow an appellate court to conduct 'meaningful appellate review' and to conclude that the district court adequately considered the relevant statutory factors." *Id*. (quoting *United States v. McGee*, 494 F.3d 551, 556 (6th Cir. 2007)).

We conclude that the district court provided sufficient detail to allow meaningful review of Presley's sentence. First, the district court reviewed and specifically rejected the government's justifications for imposing the Guidelines sentence. *Presley*, 2006 WL 3950257, at *5-6 & nn. 3-9. After stating that the court's "beginning point is 18 U.S.C. § 3553(a)" and laying out the § 3553(a) factors, the court further explained,

The Court in imposing a sentence first considers the sentencing guideline range that would be applicable if the Court was required to follow the guidelines, and then goes on to consider the factors set forth in 18 U.S.C. § 3553(a), particularly the nature and circumstances of the offense, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment. The Court is also to consider the deterrent factor. Lastly, the Court must consider the need to avoid unwarranted sentence disparity.

*Id*. at *6. The court then discussed "the factors outside of sentencing disparity," rejecting Presley's arguments regarding the drug amount and leadership enhancement and listing "considerations in the record to support a variance." *Id*. at *7. Finally, the court explained at length what it described as "[t]he most important consideration," "the need to avoid an unwarranted disparity between [Presley's] sentence and that imposed on Davis with the agreement of the government." *Id*. "While the district court did not explicitly name the particular § 3553(a) factors he was considering when

imposing [Presley's] sentence, the record does not demonstrate that he failed to consider them." *United States v. Pearce*, 531 F.3d 374, 385 (6th Cir. 2008). The district court's explanation was sufficient given "that the district court judges are involved in an exercise of judgment, not a ritual." *Grossman*, 513 F.3d at 595.

## 2. Substantive Reasonableness

"Because '[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a),' this Court applies a great deal of deference to a district court's determination that a particular sentence is appropriate." *United States v. Mayberry*, 540 F.3d 506, 519 (6th Cir. 2008) (quoting *Gall*, 128 S. Ct. at 597). The Supreme Court has clarified the deferential standard for review of sentences outside the Guidelines range:

> While *Gall* permits appellate courts, "[i]n reviewing the reasonableness of a sentence outside the Guidelines range," to continue to "take the degree of variance into account and consider the extent of a deviation from the Guidelines," it offers two important qualifications. 128 S. Ct. at 594-95. It "reject[s] . . . an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." *Id*. And it "reject[s] the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the strength of the justifications required for a specific sentence." *Id*.

*Grossman*, 513 F.3d at 596; *see also Klups*, 514 F.3d at 539; *Bolds*, 511 F.3d at 580-81. Overall, the district court's task is to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of the statutory sentencing scheme. 18 U.S.C. § 3553(a). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir.), *cert. denied*, --- U.S. ---, 77 U.S.L.W. 3221 (2008).

Section 3553(a)(6) instructs sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." We have noted that "[s]ubsection 3553(a)(6) is concerned with national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007). Because § 3353(a)(6) is not concerned "with disparities between one individual's sentence and another individual's sentence, despite the fact that the two are co-defendants," *id*., "the district court is not *required* to consider that type of disparity under § 3553(a)(6)," *id*. at 624 (emphasis added). "A district judge, however, *may* exercise his or her discretion and determine a defendant's sentence in light of a co-defendant's sentence." *Id*.

The district court found the potential disparity between Presley's and Davis's sentences to be the most important factor, noting that "it would violate the spirit of the guidelines and be particularly inequitable for Davis to receive a 96 month sentence and Presley a 360 month sentence for the same conduct." *Presley*, 2006 WL 3950257, at *9.[1] The government concedes that the

---

[1] The government argues that, in addition to the sentence disparity, the district court improperly considered Presley's rehabilitative efforts while in prison in making a downward variance, drawing our attention to *United States v. Worley*, 453 F.3d 706 (6th Cir. 2006), a case decided before *Gall*. In *Worley*, we upheld a district court's determination that post-sentencing rehabilitation was not a relevant factor in a *Booker* resentencing. We need not consider the effect of *Worley* on this case, however, because, although it mentioned Presley's post-sentencing rehabilitation, the district court made clear that the primary factor upon which Presley's sentence was based was the disparity between Presley's and Davis's sentences.

district court may consider a sentencing disparity between similarly situated codefendants, but argues that Presley and Davis were not similarly situated because, unlike Davis, Presley's convictions were affirmed, and, because the case against Davis was weakened on appeal, his sentence was based on only one count of money-laundering conspiracy. But Davis's convictions were not overturned or vacated on appeal; our prior opinion reversed only the district court's denial of Davis's motion to suppress and remanded for a determination of whether his conviction would still stand. The district court was not unreasonable in considering Davis and Presley as having been found guilty of similar conduct. Although the suppression of the evidence may have weakened the government's case against Davis, it is reasonable, particularly in light of the other evidence against Davis, to find Davis just as culpable as he was found to be during the initial sentencing. Given that a district court may consider for sentencing purposes conduct outside the conviction itself, there is no abuse of discretion in the district court considering conduct that was found by a jury in determining whether two defendants are similarly situated. *See* § 3553(a)(6) (warning against sentence disparity between defendants "found guilty of similar conduct").

The government further argues that Presley and Davis were not similarly situated because Presley was in a higher criminal-history category than Davis, who had no prior arrests. The district court did not abuse its discretion in finding that Presley's "prior record was not so extensive as to support a substantial difference" between his sentence and Davis's sentence where the sentences were driven primarily by drug quantity rather than criminal history. *Presley*, 2006 WL 3950257, at \*6 n.9. Moreover, Presley's sentence on remand is twenty-four months longer than Davis's, indicating that the district court accounted for any dissimilarities. Overall, any disparities between Presley and Davis were not so great as to make consideration of Davis's sentence unreasonable in determining Presley's sentence.[2]

The cases cited by the government in which we *upheld* a district court's refusal to consider a codefendant-sentencing disparity are inapposite. *See, e.g.*, *Conatser*, 514 F.3d at 526; *Simmons*, 501 F.3d at 623-24; *United States v. Thompson*, 218 F. App'x 413, 416-17 (6th Cir. 2007). The government is now asking us to *reverse* the district court for considering codefendant-sentencing disparity, a factor which was fully within the district court's discretion to consider. As we have previously emphasized,

> *Booker* breathes life into the authority of district court judges to engage in individualized sentencing within reason in applying the § 3553(a) factors to the criminal defendants that come before them. If there is a pattern that emerges from *Rita*, *Gall* and *Kimbrough*, it is that the district court judges were vindicated in all three cases, and a court of appeals was affirmed just once—and that of course was when it deferred to the on-the-scene judgment of the district court.

*United States v. Vonner*, 516 F.3d 382, 392 (6th Cir.) (en banc), *cert. denied*, --- U.S. ---, 129 S. Ct. 68 (2008).

---

[2] The government has repeatedly argued that it should not be punished for exercising its discretion to reach an agreement with Davis after their case against him was threatened by the suppression of key evidence. We emphasize that we do not read the district court's opinion as attempting to punish the government in any way. Any displeasure expressed by the district court stemmed from the district court's concern with the unfairness this presented to Presley rather than a desire to punish the government. *See, e.g.*, *Presley*, 2006 WL 3950257, at \*8-9 (noting that the evidence was excludable as to Davis but not Presley "[b]y happenstance," and noting that largely disparate sentences "would violate the spirit of the guidelines"); J.A. at 521-22 (11/30/06 Sent. Hr'g Tr. at 5) ("I'm saying that for the government to maintain the position that Mr. Presley should still get a 30-year sentence in light of how it treated Mr. Davis is grossly unfair and borders on immorality.").

### III. CONCLUSION

Because the district court did not abuse its discretion in considering the disparity between Presley's 360-month Guidelines sentence and the 96-month sentence of his codefendant, we **AFFIRM** Presley's sentence of 120 months.