**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0039n.06

No. 12-5345

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Jan 07, 2013**

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE MIDDLE |
| EDGAR GIOVANI ADAME PALOMINO, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, Chief Judge; MERRITT and KETHLEDGE, Circuit Judges.

PER CURIAM. Edgar Giovani Adame Palomino pled guilty to conspiring to possess and distribute heroin and to conspiring to commit money laundering. [R. 17, 472.] The district court sentenced Palomino to 132 months in prison. Palomino appeals his sentence.

The presentence report stated that Palomino managed a heroin organization, and that his sentencing guidelines range was 121 to 151 months. The statutory minimum sentence for Palomino's drug crime was 120 months. In a memorandum filed with the court, Palomino's attorney argued for a 120-month sentence. The attorney explained that Palomino did not cooperate because he feared for the safety of his children, mother, and sister. According to the attorney, Palomino's fear was reasonable because his brother, who had worked for the same drug organization, had been murdered.

The district court held a sentencing hearing, during which Palomino's attorney reiterated his arguments for a 120-month sentence. The government responded by asking for a 144-month sentence. The government maintained that a 120-month sentence would not reflect the seriousness of Palomino's offense. During the government's presentation, the court commented that, by not cooperating, Palomino was acting "contrary to his self-interest[.]" The court also stated that it "could see a realistic fear that if [Palomino] cooperated, something would happen to his family." [R. 639 at 9.] Palomino also addressed the court. He apologized for his actions, and said he would serve his time and then return to his family in Mexico. When Palomino finished, the court stated that it had expected Palomino to express concern for his family's safety. The court declined Palomino's attorney's request to address the court again. The court then imposed a 132-month sentence. It explained that it thought a 144-month sentence was too long, but that a 120 month sentence was too short. The court sentenced Palomino to 132 months rather than 120 months because of his "role in a major drug operation." [*Id.* at 16.]

Palomino's attorney filed a motion for reconsideration of the sentence, arguing that Palomino's failure to mention his fear was consistent with his actions throughout the proceedings. Palomino was too afraid to say anything beyond an apology, according to his lawyer, just as he had been too afraid to help his attorneys. The court denied the motion.

Palomino argues that his 132-month sentence is substantively unreasonable. "A sentence is substantively unreasonable if the sentencing court arbitrarily selected the sentence, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to any pertinent factor." *United States v. Cunningham*, 669 F.3d

723, 733 (6th Cir. 2012). "In evaluating the substantive aspect of a sentence, we may apply a rebuttable presumption of reasonableness to sentences within the Guidelines." *United States v. Pearce*, 531 F.3d 374, 384 (6th Cir. 2008). We review a criminal sentence for reasonableness under an abuse of discretion standard. *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008).

Palomino argues that his within-guidelines sentence was unreasonable because the court arbitrarily decided to sentence him to more than 120 months. According to Palomino, the district court was initially receptive to his argument that he did not cooperate because he was afraid. Thus, Palomino reasons, the court's rejection of his request for a 120-month sentence was arbitrary. To show the court's receptiveness, Palomino cites statements the court made during the government's sentencing presentation. But a court's colloquy with counsel during a sentencing hearing does not necessarily indicate the court's intentions. Here, the court's statements about Palomino's fear were made either as a question to the government, or in response to the government's answers. The court never said that it was considering a 120-month sentence because of Palomino's fear. And the court sentenced Palomino to 132 months rather than 120 months in prison because of his managerial role in the drug operation, not because of the contents (or lack thereof) of his allocution. The court did not arbitrarily select Palomino's sentence.

Palomino also argues that the district court gave too much weight to the first § 3553(a) factor—"the nature and circumstances of the offense"—when it considered Palomino's managerial role even though he had already received a three-level enhancement for it. "A district court does not[, however,] commit reversible error simply by attaching great weight to a single factor." *United States v. Zobel*, 696 F.3d 558, 571 (6th Cir. 2012) (internal punctuation omitted). And where, as

here, "a district court explicitly or implicitly considers and weighs all pertinent factors, a defendant clearly bears a much greater burden in arguing that the court has given an unreasonable amount of weight to any particular one." *Id.* Palomino has not met this burden. The district court considered Palomino's role as a manager of a heroin distribution ring, the seriousness of his offense, his criminal history, his financial resources, the kinds of sentences available, and his Guidelines range. That the court placed great weight, in particular, on Palomino's role as a manager was not unreasonable. *See Gall v. United States*, 552 U.S. 38, 59 (2007).

Palomino's final argument is that the district court erred by not allowing his attorney to address the court after he allocuted. The Federal Rules of Criminal Procedure provide that, prior to imposing a sentence, a district court must give a defendant's attorney an opportunity to speak on the defendant's behalf. *See* Fed. R. Crim. P. 32(i)(4)(A)(I). A defendant's right to have his attorney address the court, however, is not unlimited. *See United States v. Carter*, 355 F.3d 920, 926 (6th Cir. 2004). Here, the court gave Palomino's attorney an opportunity to speak. The court merely limited the opportunity by not allowing the attorney to readdress the court after both the government and Palomino had spoken. Palomino cites no cases that support his contention that such a limitation is reversible error. *Cf. United States v. Lanning*, 633 F.3d 469, 476 (6th Cir. 2011) ("right to allocution" not denied where defendant "was not given the last word"). So this argument too is meritless.

The district court's sentence is affirmed.