NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0022n.06

No. 12-3036

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 07, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE NORTHERN DISTRICT OF |
| | ) | OHIO |
| DARRIAN MARK LAWRENCE, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before:  MERRITT, MARTIN, and GILMAN, Circuit Judges.

PER CURIAM.  Darrian Lawrence, who is represented by counsel, appeals a district court judgment sentencing him to 120 months of imprisonment.

In 2011, Lawrence pleaded guilty to the following three charges: possession with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D) (Count 1); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 2); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). Lawrence was subject to a mandatory minimum consecutive sentence of sixty months of imprisonment on Count 2.  As to Counts 1 and 3, the presentence report indicated that Lawrence's base offense level was eighteen and his criminal history category was I, resulting in an advisory sentencing guidelines range of twenty-seven to thirty-three months of imprisonment.  The probation officer noted, however, that Lawrence's criminal history category may have under-represented his criminal history because it did not include six convictions that Lawrence had committed between 1988 and 1993.  Lawrence did not have any recent convictions, but he had been incarcerated from 1995 to 2005 pending charges for which he was ultimately acquitted.

After concluding that "the guidelines are clearly inadequate based on [Lawrence's] prior record" and that Lawrence is "a dangerous individual" who is likely to re-offend, the district court imposed a sentence above the guidelines range. The district court imposed concurrent sixty-month sentences for Counts 1 and 3 and a consecutive sixty-month sentence for Count 2. The court also imposed a three-year period of supervised release. On appeal, Lawrence argues that his sentence is substantively unreasonable and that the district court improperly imposed a term of supervised release.

The parties dispute whether the district court imposed an upward sentence as a departure or as a variance. The district court clearly stated that it was issuing a variance. *Cf. United States v. Grams*, 566 F.3d 683, 686–87 (6th Cir. 2009). Therefore, Lawrence's arguments related to a departure are misplaced.

Lawrence contends that the district court imposed a substantively unreasonable sentence because it considered inappropriate factors, such as his attitude and his prior criminal history. We review criminal sentences for substantive reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010) (citation omitted). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Presley*, 547 F.3d 625, 631 (6th Cir. 2008) (citation and quotation marks omitted). Where a sentence is outside the advisory guidelines range, we consider "the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51.

The district court reasonably concluded that Lawrence's criminal history, which included violent and drug-related conduct; his disrespect for the law; his lack of acceptance of responsibility; and his attitude and behavior in court and in the probation office, warranted an upward variance. The variance was needed to adequately deter future illegal conduct, to protect the public, and to reflect Lawrence's history and characteristics. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C); *United States v. Gunter*, 620 F.3d 642, 647 (6th Cir. 2010). The district court did not arbitrarily select the concurrent sixty-month sentences on Counts 1 and 3. Rather, the court chose to sentence Lawrence to the maximum sentence authorized by law for Count 1 in order to fully protect the public and deter future criminal conduct. *See* 21 U.S.C. § 841(b)(1)(D). Under these circumstances, the district court adequately explained its decision to vary upwards from the applicable sentencing guidelines range and imposed a reasonable sentence.

Lawrence next contends that the district court erred by imposing a three-year term of supervised release because he is a deportable alien. A district court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." USSG § 5D1.1(c). However, section 5D1.1(c) is inapplicable because Lawrence's term of supervised release was a statutorily mandated component of his sentence for possessing marijuana with the intent to distribute. *See* 21 U.S.C. § 841(b)(1)(D).

We affirm the district court's judgment.