**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 14a0462n.06

No. 13-1557

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 27, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff-Appellee,** | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| | ) | |
| GREGG BLANEY, | ) | **MEMORANDUM** |
| | ) | **O P I N I O N** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

**BEFORE: NORRIS, COLE, and GIBBONS, Circuit Judges.**

**PER CURIAM.** Defendant Gregg Blaney was charged in a three-count indictment, including one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 and two counts of bank fraud in violation of 18 U.S.C. § 1344. Defendant and the government entered into a plea agreement in which defendant pleaded guilty to one count of bank fraud. Under the plea agreement, defendant reserved his right to appeal any sentence longer than thirty-three months. The district court imposed a sentence of thirty-seven months, which is at the top of the sentencing guidelines range calculated by the court.

Defendant contends that the district court erred in determining both relevant conduct and the amount of loss for sentencing guidelines purposes, and also argues that the district court did not adequately consider the need to avoid unwarranted sentence disparities as required by 18 U.S.C. § 3553(a)(6).

Regarding the sentencing guidelines, the defendant raises these claims: (1) five of the transactions relied upon by the district court cannot be relevant conduct because the victim lender was not federally insured; (2) the amount of loss is overstated because for nine of the transactions the respective lender wrote off the loan as uncollectible so therefore there was no loss; (3) the court should have used the fair market value of the properties to compute losses, rather than the amount actually received by the lenders in foreclosure; (4) the loss is primarily due to the unforeseeable sharp downturn in real estate values; and (5) any losses experienced by the lenders resulted in a tax benefit, credit for which should be included in the loss computation.

Defendant raised these objections to the district court, which issued a detailed written opinion addressing each of defendant's objections. *United States v. Blaney*, No. 11-20606, 2013 WL 1688359, at *10-14 (E.D. Mich. Apr. 18, 2013) (Page ID 945). The panel has had the opportunity to consider the arguments advanced by defendant and to conduct our own independent review of the record on appeal. We agree with the reasoning of the district court as to each objection and affirm on that basis.

With respect to the second issue raised by defendant, a review of the transcript of the sentencing hearing confirms that the district court considered all of the § 3553(a) sentencing factors, including the need to avoid unwarranted sentencing disparities. Contrary to defendant's argument, the district court was under no obligation to consider sentencing disparities with his co-defendant. See *United States v. Presley*, 547 F. 3d 625, 631 (6th Cir. 2008).

The judgment of the district court is **affirmed**.