NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0511n.06

Case No. 23-3802

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| EDDIE ALLEN, | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |

**FILED**
Dec 10, 2024
KELLY L. STEPHENS, Clerk

Before: COLE, WHITE, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. Eddie Allen received a five-year term of probation after he pleaded guilty to possessing ammunition as a prohibited person. A little over a year later, Allen admitted that he violated a special condition of his probation. At the violation hearing, the district court revoked Allen's probation and sentenced him to 46-months' imprisonment. Allen appeals, contending that the district court erred in moving forward with probation-violation proceedings when the paperwork provided to Allen indicated that he violated supervised-release conditions rather than probation. He also argues that his 46-month sentence was procedurally and substantively unreasonable. He asks that we reverse and remand the district court's sentence. For the following reasons, we **AFFIRM**.

## I. BACKGROUND

On July 14, 2022, the district court sentenced Allen to five years' probation after he pleaded guilty to possessing ammunition in violation of 18 U.S.C. § 922(g)(1). The offense carried a

maximum sentence of ten years' imprisonment and up to three years of supervised release. And Allen's sentencing range under the United States Sentencing Guidelines was 37 to 46 months. Allen and the government jointly requested a sentence of five years' probation, largely based on Allen's cooperation with law enforcement. The court obliged but warned Allen that "any violations" of the terms of his probation "would result in revocation" and he "would be facing the original statutory maximum of ten years in prison." (R. 51, PageID 201). Allen's probation conditions prohibited him from, among other things, committing another criminal offense and possessing or using controlled substances. A special condition also required Allen to undergo regular drug testing and/or treatment at his probation officer's direction. Allen began probation on July 14, 2022.

Less than a year into his probation, Allen was charged in state court with assault and domestic violence. His probation officer presented to the district court a warrant petition and violation report premised on the domestic-violence arrest and Allen's alleged failure to adhere to the special condition concerning substance-abuse treatment and testing. While the petition correctly identified Allen's original sentence as a five-year term of probation and accurately listed the violation grade, criminal-history category and Guidelines provisions, it listed the type of violation as "supervised release" and labeled the accompanying report as a "supervised release violation report." (R. 38, PageID 165; R. 38-1, PageID 175). The violation report also incorrectly indicated that Allen's maximum term of imprisonment was 24 months. Allen appeared in court, received a copy of the initial petition, and was advised of his rights. He waived his right to a preliminary hearing.

On September 12, 2023, the district court held a probation-violation hearing, which it introduced as a "supervised release, probation violation revocation hearing." (R. 51, PageID 199).

At the beginning of the hearing, the district court reviewed Allen's original 2022 conviction, and noted that it carried a penalty of up to 10 years' imprisonment. The district court also noted that it had warned Allen at his original sentencing that he would again face a 10-year maximum sentence in the event of a revocation.

While the petition included two alleged probation violations: (1) committing another criminal offense; and (2) failing to adequately participate in substance-abuse testing and treatment, the government declined to offer evidence as to the first violation, so the court considered only the second one. The facts underlying the second violation were that Allen had failed to submit to drug testing on thirteen separate occasions, inconsistently attended the treatment program, and tested positive for cocaine, fentanyl, and marijuana in July 2023. The court advised Allen that under the Guidelines, his violation was classified as a grade C and his criminal history category was IV. The court also advised that the revocation maximum sentence was ten years, while the Guidelines advised a revocation sentence of 6 to 12 months. The court also reminded Allen that the Guidelines range for his original underlying offense was 37 to 46 months.

After reviewing the alleged violations and potential penalties, the court inquired whether Allen intended to admit or deny violation number two. Allen admitted the violation. The court accepted Allen's admission, revoked his probation, and then heard from the parties regarding sentencing. The probation officer had recommended time served with two years of supervision. The government and defense counsel agreed that a non-custodial sentence would suffice.

After hearing argument from the parties, the district court considered the § 3553(a) factors, including: (1) the nature and circumstances of the original offense; (2) Allen's "horrific" criminal history; (3) the need to deter Allen from unlawful conduct, noting that this was "all the more

relevant today than it was at [his] original sentencing"; and (4) the need to avoid unwarranted sentencing disparities. (*Id.* at 215–16). The district court further observed that Allen's "treatment program will address [his] underlying substance abuse issues and [his] mental health issues, but it fails to take into account [his] underlying offense conduct, [his] breach of [the judge's] trust, and [his] flagrant disregard of the opportunity made available to [him] by" the court. (*Id.* at 216–17). After discussing these considerations, the district court sentenced Allen to 46 months' imprisonment, followed by 2 years of supervised release.

At the close of sentencing, the district court asked for objections. Allen's counsel objected, stating that he "may have been ineffective . . . because [he] did not advise Mr. Allen about a ten-year sentence that he could potentially receive." (*Id.* at 218). Instead, he told Allen that he was facing a maximum of two years based on the violation report and had not reviewed the original Presentence Investigation. The district court overruled the objection, noting that it had properly advised Allen of the ten-year statutory maximum both at his original sentencing and at the start of the violation hearing. The court also observed that counsel "did a good job [representing his client] in a tough situation." (*Id.* at 219). Counsel then made a general objection to the district court's sentence and requested the court to stay its sentence so Allen could prepare to go to BOP custody. The district court denied a stay and entered judgment. Allen appeals.

## II.   RULE 32.1 NOTICE AND ADMISSION

*Standard of Review*. Allen first argues that the district court abused its discretion in moving forward with the probation-violation hearing when the petition and related documents referred to supervised release rather than probation. As an initial matter, because Allen did not object on these grounds with any specificity during the violation hearing, we review for plain error. *United States*

*v. Coleman*, 835 F.3d 606, 615 (6th Cir. 2016).[1]  Accordingly, Allen must show: (1) procedural error, that was (2) clear or obvious, and (3) affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If Allen meets this burden, we may reverse if the error affected the "fairness, integrity, or public reputation of the judicial proceedings."  *Id.* (quoting *United States v. Olana*, 507 U.S. 725, 736 (1993)); *see also Coleman*, 835 F.3d at 615.  A court's error is clear or obvious when it is not subject to reasonable dispute.  *See Puckett*, 556 U.S. at 135.  And an error affects substantial rights when it would have changed the outcome of the proceedings below.  *Id*. Allen's claim does not meet this standard.

Rule 32.1 governs the revocation and modification of both probation and supervised release.  Fed. R. Crim. P. 32.1.  "[I]n a revocation hearing, a defendant is entitled to, among other things, written notice of the alleged violation, disclosure of the evidence, an opportunity to appear, present evidence, and question adverse witnesses, and an opportunity to make a statement and present any information in mitigation."  *United States v. McPherson*, 814 F. App'x 957, 960–61 (6th Cir. 2020) (citing Fed. R. Crim. P. 32.1(b)(A)–(E) and *United States v. Williams*, 321 F. App'x 486, 489 (6th Cir. 2009)).

Allen argues that the district court failed to give him proper notice of the potential sentence for his alleged probation violations and that this error affected his substantial rights because "the statutory and the guideline penalties are completely different" for supervised release and probation. (ECF 25, Appellant Br. at 5).  But for this lack of notice, Allen asserts, he "may not have plead

---

[1] Allen vacillates as to the standard of review that applies. His briefing first states that we should review the district court's order for abuse of discretion.  Yet, in later acknowledging that he did not object to the mislabeling of his probation violation report below, Allen structures his arguments under a plain error review framework.  At the end of the plain error analysis, Allen again changes course and concludes that the court abused its discretion.  Regardless, we conclude the proper standard under the circumstances is plain error.

(sic), or would have had more time to think if he wanted to admit the violations or contest them." (*Id.* at 9). But as the government rightly observes, Rule 32.1 requires only that written notice of the violation "assure that the defendant understands the nature of the alleged violation." *United States v. Morrow*, 785 F. App'x 335, 338 (6th Cir. 2019) (citation omitted). And we have previously deemed notice sufficient when the notice identified the condition that the defendant allegedly violated, the relevant dates, and the conduct underlying the violation. *See United States v. Spencer*, 1998 WL 165142, at *3 (6th Cir. 1998); *United States v. Patrick*, 988 F.2d 641, 646 n.7 (6th Cir. 1993) (observing, "[the Supreme Court] left open the possibility that the notice requirement might be met simply by notice at the hearing").

Here, Allen's notice documents make several references to a supervised-release violation where they should refer to a probation violation. And at the beginning of the violation hearing, the district court mentioned both supervised release and probation. But Allen did not lack proper notice. First, he knew—as reflected in his criminal judgment and stated at his July 2022 sentencing—that he received only a probationary sentence with no term of supervised release for his original offense. And the first page of both the original violation petition and the amended petition plainly referenced his five-year term of probation. Allen does not argue that he was also serving some simultaneous term of supervised release to which the petition could have applied. So, it is unclear how these mistaken references could undermine the notice concerning the nature of the proceedings.

Moreover, as the district court pointed out, despite the violation report's reference to a maximum 24-month sentence, the court had apprised Allen of the maximum ten-year sentence before he admitted the violation conduct. Indeed, in response to Allen's objection on the notice

issue, the district court reminded Allen that the court had already advised him of the potential penalties multiple times—once during sentencing for his original offense and again at the beginning of the violation hearing. As such, any potential notice error was cured prior to Allen admitting fault to the second violation. Indeed, based on our review of the hearing transcript, Allen cannot argue that he did not know "the full extent of his potential sentencing exposure before admitting to additional violations." *McPherson*, 814 F. App'x at 961. After hearing that the "revocation maximum is the ten years . . . guideline is 6 to 12 months . . . [and t]he original guideline was 37 to 46 months," (R. 51, PageID 202), Allen was free to request the district court recess or continue proceedings to allow time for additional legal consultation. He did not do so. Instead, his attorney indicated that "[a]fter discussions with Mr. Allen," Allen was prepared to admit the second violation. (*Id.* at 203). Given this sequence of events, the district court did not obviously or clearly err in accepting Allen's admission to the violation. Allen therefore cannot satisfy the plain-error standard, and we need not advance to the additional prongs of the inquiry.

### III.    PROCEDURAL AND SUBSTANTIVE REASONABLENESS OF PROBATION SENTENCE

*Standard of Review.* At the violation hearing, Allen made a general objection to the district court's sentence. Typically, we review for plain error when a party fails to object with specificity. *Coleman*, 835 F.3d at 615. But we need not determine whether Allen's objection was sufficiently specific because it does not change the outcome here. Accordingly, we will review Allen's procedural and substantive reasonableness claims "under a deferential abuse of discretion standard." *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008) (citations and quotation marks omitted). A district court's sentence must be both procedurally and substantively reasonable. *United States v. Gardner*, 32 F.4th 504, 529 (6th Cir. 2022). Procedural reasonableness focuses on the method that the district court used to arrive at the length of a sentence while

substantive reasonableness considers whether the length of the sentence itself is reasonable given the "totality of the circumstances." *Id.* (citation omitted).

## A. Procedural Reasonableness

Procedural reasonableness requires that the district court "properly calculate the guidelines range, treat the guidelines as advisory, consider the § 3553(a) factors and adequately explain the chosen sentence—including an explanation for any variance from the guidelines range." *United States v. Presley*, 547 F.3d 625, 629 (6th Cir. 2008) (quoting *United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008)). Allen asserts that the district court's sentence was procedurally unreasonable for the reasons "essentially discussed as the first assignment of error." (ECF 25, Appellant Br. at 11).

To the extent Allen's procedural reasonableness argument stems from the purported lack of notice, he does not explain how a lack of notice rendered his sentence procedurally unreasonable. To the contrary, as reflected in the above discussion, the record demonstrates that the district court fulfilled its duties. The district court properly calculated Allen's Guidelines range and treated it as advisory. That Allen received a sentence outside of the advisory range makes the latter point evident. And the district court expressly considered relevant factors under 18 U.S.C. § 3553(a), "including the underlying offense as well as probation violations and post-sentencing conduct." (R. 51, PageID 201). The court also discussed Allen's "horrific" criminal history, the need for deterrence, and the need to avoid inappropriate differences among similarly situated people. (*Id.* at 215–16).

In the course of discussing various § 3553(a) factors, the court explained why it imposed the above-Guidelines 46-month sentence. In that regard, the court emphasized that it initially went

against its "better instincts," during the original sentencing and "agreed to abide by the parties' recommendation" to sentence Allen to five years' probation. (*Id.* at 201). This was because the district court was concerned about "the real danger [Allen] could pose to the community," noting its belief that Allen's Guidelines scoring did not fully capture the potential danger. (R. 54, PageID 254). The court also reminded Allen of its warning that he "would be facing the original statutory maximum of ten years in prison." (R. 51, PageID 201). The district court explained that by violating the terms of his probation, Allen had "spit in [the court's] face" and "stuck needles in [the court's] eyes." (*Id*. at 210). This record reflects that the district court considered and weighed the appropriate factors and provided a clear explanation for imposing a sentence in line with Allen's underlying offense. Accordingly, we conclude that the district court sufficiently articulated its reasoning for the above-Guideline sentence. *See United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc) (providing that the court need only to have "listened to each argument, considered the supporting evidence, [been] fully aware of the defendant's circumstances and took them into account in sentencing him.") (citation and internal quotes omitted).

## B.  Substantive

"The substantive reasonableness inquiry determines if the length of a sentence conforms with the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Small*, 988 F.3d 241, 258 (6th Cir. 2021). This inquiry includes whether the district court arbitrarily decided on a sentence, based "the sentence on impermissible factors," failed "to consider relevant sentencing factors," or gave "an unreasonable amount of weight to any pertinent factor." *Id.* at 259 (citation omitted). On appellate review we give sentences outside the Guidelines range "due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Morrow*, 785 F. App'x at 340–41 (quoting *Gall v. United States*, 552 U.S. 38, 51

(2007)). When a court varies upward, as it did here, it "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. The variance should "be based on reasoned discretion, not math." *United States v. Parks*, No. 22-3678, 2023 WL 4543486, at \*6 (6th Cir. July 14, 2023) (citing *Gall*, 552 U.S. at 49–50). And a downward departure in a violator's original sentence can support an upward departure for subsequent sentences. *United States v. Johnson*, 640 F.3d 195, 202 (6th Cir. 2011).

To the extent Allen suggests the district court acted arbitrarily or improperly weighed certain factors in reaching its sentence, the record does not support this conclusion. Here, in imposing a sentence well above Allen's advisory Guidelines range of 6 to 12 months, the district court considered that Allen had received a substantial reduction from the recommended Guidelines range in his original sentence—from 36 to 47 months down to probation. Notably, 46 months' imprisonment falls within the Guidelines for Allen's original offense. And while Allen suggests the court should have given more weight to his drug and mental-health issues, the unintentional nature of his violation, and the probation officer's recommendation, the record reflects that the court sufficiently considered and weighed mitigating factors. Indeed, the court considered Allen taking responsibility for his actions, his drug and mental health issues, and his desire to maintain his relationship with his son. But, ultimately, the court determined that it was best for Allen to "[e]arn some good time[, g]et the [drug] program done[, and c]ome home and save [his] kid." (R. 51, PagID 221). The district court's explanation is sufficient to show that it did not stray from the statutory sentencing goals.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM**.